IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

_____

_____

_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

_____

_____

_____

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 4:22-997-DCN-MHC
_____
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☐ Yes   ☐ No
            *(check one)*

RECEIVED
USDC CLERK, CHARLESTON, SC
2022 MAR 28  PM 12:43

I. **The Parties to This Complaint**

    A. **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

        Name _____
        Street Address _____
        City and County _____
        State and Zip Code _____
        Telephone Number _____

    B. **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

        Defendant No. 1

        Name _____
        Job or Title (if known) _____
        Street Address _____
        City and County _____
        State and Zip Code _____
        Telephone Number _____

        Defendant No. 2

        Name _____
        Job or Title (if known) _____
        Street Address _____
        City and County _____
        State and Zip Code _____
        Telephone Number _____

        Defendant No. 3

        Name _____

|                      |                          |
|----------------------|--------------------------|
| Job or Title (if known) | _____ |
| Street Address       | _____ |
| City and County      | _____ |
| State and Zip Code   | _____ |
| Telephone Number     | _____ |

Defendant No. 4

|                      |                          |
|----------------------|--------------------------|
| Name                 | _____ |
| Job or Title (if known) | _____ |
| Street Address       | _____ |
| City and County      | _____ |
| State and Zip Code   | _____ |
| Telephone Number     | _____ |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question         ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_____

_____

**B.     If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

    b. If the defendant is a corporation

    The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

3.  The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____
_____
_____

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

_____
_____
_____
_____

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_____
_____
_____
_____

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____, 20___.

Signature of Plaintiff     _____
Printed Name of Plaintiff  _____

B. **For Attorneys**

Date of signing: _____, 20___.

Signature of Attorney      _____
Printed Name of Attorney   _____
Bar Number                 _____
Name of Law Firm           _____
Address                    _____
Telephone Number           _____
E-mail Address             _____

1. Parties to the Complaint:

Plaintiff:

 Bakha Yawuti El (not "aka Brandon Christopher Myers")
 c/o PO Box 22591
 Non-Domestic Mail, Zip Code Exempt

 near Charleston, South Carolina Republic
 North Amexem / North America A.R.R.

Defendants:

1) CITY OF MYRTLE BEACH
   1101 North Oak Street
   MYRTLE BEACH, HORRY COUNTY
   STATE OF SOUTH CAROLINA 29201
   843-918-1356

2) CITY OF MYRTLE BEACH POLICE DEPARTMENT
3) 1101 North Oak Street
   MYRTLE BEACH, HORRY COUNTY
   STATE OF SOUTH CAROLINA 29201
   843-918-1356

4) David Giosa
   City of Myrtle Beach Police Officers
   1101 North Oak Street
   MYRTLE BEACH, HORRY COUNTY
   STATE OF SOUTH CAROLINA 29201
   843-918-1356

5) L. Boyles
   City of Myrtle Beach Police Officer
   1101 North Oak Street
   MYRTLE BEACH, HORRY COUNTY
   STATE OF SOUTH CAROLINA 29201
   843-918-1356

6) Amy Sutter
   City of Myrtle Beach Municipal Court Clerk
   1101 North Oak Street
   MYRTLE BEACH, HORRY COUNTY
   STATE OF SOUTH CAROLINA 29201
   843-918-1356

7) Joi Page
   City of Myrtle Beach Assistant City Attorney
   1101 North Oak Street
   MYRTLE BEACH, HORRY COUNTY
   STATE OF SOUTH CAROLINA 29201
   843-918-1356

8) Brenda Bethune
   City of Myrtle Beach Mayor
   937 Broadway Street
   MYRTLE BEACH, HORRY COUNTY
   STATE OF SOUTH CAROLINA 29577
   843-918-1012

9) Jennifer Peters-Wilson
   City of Myrtle Beach Municipal Court Judge
   1101 North Oak Street
   MYRTLE BEACH, HORRY COUNTY
   STATE OF SOUTH CAROLINA 29201
   843-918-1356

10) John Scott Long
    City of Myrtle Beach Municipal Court Judge
    1101 North Oak Street
    MYRTLE BEACH, HORRY COUNTY
    STATE OF SOUTH CAROLINA 29201
    843-918-1356

11) M. Winners
    City of Myrtle Beach Police Officer
    1101 North Oak Street
    MYRTLE BEACH, HORRY COUNTY
    STATE OF SOUTH CAROLINA 29201
    843-918-1356

2. Basis for Jurisdiction:
   Federal Question 28 US Code 1331

   a) 1st, 4th, 5th, 6th, 8th, 10th, 14th Amendments, Article 1 Section 10, 42 USC 1983, 18 USC 241 and 18 USC 242

## 3. Statement Of Claim

Plaintiff for his complaint against Defendants states and alleges:

1. On October 29th, 2021, Plaintiff was traveling in his automobile on a public highway called North Ocean Blvd. and 21st Avenue, when stopped by the Defendant acting as an alleged officer, and/or an employee of the City Of Myrtle Beach Police Department.

2. The Defendant asked Plaintiff to see his "driver's license." The Plaintiff asked to speak to his superior or supervisor and the Defendant Giosa falsely claimed that there was no supervisor on duty that night because he was out of town and not available, and refused to contact and provide one. Then Defendant Giosa threatened that he was about to bust the windows of the automobile out if Plaintiff didn't get out of the automobile immediately.

3. The Defendants Giosa and L. Boyles or M. Winners then immediately as soon as the plaintiff opened the door of the automobile under threat duress and coercion and threat and fear for his life, forcefully grabbed battered, handcuffed, removed Plaintiff far away from the automobile using unnecessary force and searched the Plaintiff removing his personal belongings from his pants pockets, without warrant, and over his objections that Defendant's acts were in violation of Plaintiff's rights and the constitutional provisions of due process of law.

4. The Plaintiff repeatedly asked the Defendants Giosa and L. Boyles or M. Winners what was the probable cause and the Defendants repeatedly refused to answer while continuing searching the person of the Plaintiff. Defendant gave no specific charges to the Plaintiff for his being stopped or for the arrest, nor did he advise him of his rights, as shown in the Defendant's "field report," which contained only traffic andmisdemeanor charges. A copy of this report and an official "complaint" was never received by Plaintiff even after filing a request for said public documents. This filing and request was received by the Defendants of Myrtle Beach Municipal Court since November 3rd 2021.

5. The Defendants Giosa and L. Boyes or M. Winners then while having Plaintiff handcuffed and sitting in the back of Defendant Giosa police car, searched Plaintiff automobile without warrant and probable cause, stealing a lighter from the automobile and damaging the automobile stereo and camera.

6. The Defendants Giosa and L. Boyles or M. Winners and refused to acknowledge and provide Plaintiff at Plaintiff's request with his right to Consular Notification.

7. The Defendant brought the Plaintiff to the Myrtle Beach City Jail where the Defendant knew that the Plaintiff would be subject to "booking," which

included fingerprinting. photographing, and confinement for an indefinite period of time, and possibly be subject to other types of assaults and batteries.

8. Further, the Plaintiff, by his own admission, made no attempt to bring the Defendant before a magistrate or judge as required by law.

9. The defendant, acting on his own accord, and without warrant or court order, had the Plaintiff's automobile towed to an impound lot.

10. Defendant John Scott Long placed a bond in the amount of thousands of U.S. federal reserve notes against Plaintiff's estate in order to secure Plaintiff's release, in spite of Plaintiff's invocation and reservation of rights in regard to bail bonds and finance, secured by the 8th amendment and Article 1 Section 10 of the U.S. Constitution respectively, constituting an abuse of process.

11.
   a. Plaintiff refused said tickets/citations for good cause returning them to the CITY OF MYRTLE BEACH via certified mail and documented in a filed writ in the Nature of Quo Warranto on November 3rd, 2021, in which several public records were requested such as the dash and body cam videos of the encounter, video of the bond hearing, all documents involved in the incident and the City Of Myrtle Beach Municipal Court officials oaths and bonds. Plaintiff filed a Notice Of Removal and Motion For Dismissal on December 7th 2021, challenging the jurisdiction of the court by special appearance and reserving Plaintiff's judicially guaranteed rights of due process of law.
   b. Plaintiff on December 7th, 2021 forwarded a copy of the writ filed November 3rd, 2021 to CITY OF MYRTLE BEACH Mayor Defendant Brenda Bethune, giving her notice via email of the process abuses taking place by Defendants Sutter, Page, Jennifer Peters-Wilson, and other unnamed participating parties.
   c. A few hours after sending Defendant Bethune the email, the Horry County Public Index online was updated to now show that Plaintiff had filed a writ, where no such evidence had existed on the public index previously.
   d. Defendants Amy Sutter, Joi Y. Page, the CITY OF MYRTLE BEACH CITY ATTORNEY'S OFFICE, and Jennifer Peters-Wilson on December 7th, 2021 in concert, active and collective participation held a trial in absence and actively, collectively participated in the issuance of a Bench Warrant, knowing fully well that said actions are and were abuses of process.

12. Defendants Amy Sutter, Joi Y. Page, and Jennifer Peters-Wilson were all present at Motion To Lift Bench Warrant hearing on February 9th, 2022.

a. Plaintiff asked Defendant Wilson if she had an Oath of Office and Bond and the Defendant Wilson affirmed that yes she did. Plaintiff told Defendant Wilson that he was interested and wanted to be furnished certified copies of her Oath and Bond and had requested them since November but had yet to be given them.

b. Plaintiff asked Wilson if it was she that issued the Bench warrant, Defendant Wilson said that she did not remember whether or not she issued the bench warrant, she then said that Amy Sutter was in the process of retrieving it to confirm who signed and issued it. A few seconds later Defendant Wilson affirmed that she was who signed and issued the Bench Warrant.

c. Shortly after this, Defendant Wilson said that she DENIED the Motion after the Plaintiff asked her to clarify what law/process of law provided for and supported her action of issuing said Bench Warrant. She said she had no duty to account for that. Plaintiff clarified to Defendant Wilson that her superior, South Carolina Supreme Court Chief Justice Beatty, issued her an order of mandate to abide by of the process of law to be used in court proceedings, which her superior made clear was pursuant to 'well-established' due process of law principles that he said quote "cannot be abridged" and re-affirmed by multiple U.S. Supreme Court Stare Decisis.

d. Shortly after the Plaintiff said this, Defendant Wilson then reversed her position, saying that the Motion was now GRANTED, once the Plaintiff started displaying that he was aware of the process of law that she was mandated and oath bound to abide by.

e. Plaintiff explained that in the case of a failure to appear, before a Bench Warrant could be issued there would have to be a Rule To Show Cause hearing. Plaintiff did not say that he was requesting a Rule To Show Cause hearing. However, Defendant Wilson said that she was scheduling a Rule To Show Cause hearing. Plaintiff then asked her why would she do that when that would also be an abuse of process. Defendant Wilson then replied that she was doing that because he, the Plaintiff requested it. Plaintiff replied saying that he never requested it, and that he only was making clear that he was aware of the correct process of law that is mandated by law for her to abide by, which in such a case such as a failure to appear, Plaintiff clarified that a Rule to Show Cause hearing was only supposed to be after multiple 'failures to appear', and Not to be used as an immediate response to one failure to appear at the 1st hearing scheduled.

f. At this point Defendant Wilson said that the Bench Warrant is being lifted, and that she was not scheduling a Rule To Show Cause hearing. Defendant clearly showed willful and knowing intent to abuse the process of law

      unless the Plaintiff displayed knowledge of the fact that her actions were violations and process of law abuses.

13. Defendant Amy Sutter emailed Plaintiff with another court summons re-opening the case.

14. Plaintiff responded to email, re-affirming his request for public records such as Oath and Bond, and Plaintiff also requested a copy of the Motion To Lift Bench Warrant video conference.

15. Defendant Sutter responded to this email saying that she could only provide an audio copy of the hearing, and Defendant did not respond at all to the request for Oath and Bonds. 2 days later Defendant Sutter replied with another email saying that she could not send the audio either because "the judge forgot to press record on the tape recorder so they have no record of the hearing".

16. Plaintiff responded to this email clarifying to Defendant Sutter and Page that the supreme law secures that all courts are to be public, and that the Webex video platform that the video conference took place on, automatically saves the video recordings, and that Defendant Sutter had a duty to provide those public records to Plaintiff without burden or undue delay. Defendants Sutter and Page refused and did not provide the public records requested.

17. Plaintiff filed an Order and Notice of Order to Dismiss on March 16, 2022. Defendants of the CITY OF MYRTLE BEACH MUNICIPAL COURT, Page, Sutter, and possibly others unidentified, disregarded the lawful order set a re-scheduled hearing, in contravention of due process of law.

## COUNT 1   FALSE IMPRISONMENT

18. Plaintiff re-alleges paragraphs 1 through 9.

19. On October 29th, 2021, the Defendants Giosa and L. Boyes and M. Winners, without warrant or due process of law, unlawfully arrested the Plaintiff, and acting contrary to law, did falsely imprison the Plaintiff, depriving him of his liberty.

20. As a result of the Defendant's false imprisonment of the Plaintiff, the Plaintiff had his right to liberty violated, suffered mental anguish, psychological damages, a loss of time and wages in

his work, emotional distress, humiliation and a discredit in his reputation.

## COUNT 2  FALSE IMPRISONMENT

21. Plaintiff re-alleges paragraphs 1 through 9.

22. The defendant David Giosa, upon arresting Plaintiff, brought him to the Myrtle Beach City jail for the purpose of booking and detaining him, and, by his own admission, made no attempt to bring the Plaintiff before a proper Judge or Court as is required by due process.

23. The acts of the Defendant in deciding how the deal with the Plaintiff after his arrest, and failing to take him to a Judge or Court to so decide, constitute false imprisonment by the Defendant under the law of the land.

## COUNT 3   ASSAULT AND BATTERY

24. Plaintiff re-alleges paragraphs 1 through 9.

25. Due to the unlawful acts of the Defendants, the Plaintiff suffered a series of assaults and batteries upon his person, including arrest, handcuffing, imprisonment, physically searched, forced fingerprinting and booking procedures, and harassment.

## COUNT 4   EXCESSIVE FORCE

26. Plaintiff re-alleges paragraphs 1 through 9.

27. Due to the unlawful acts of the Defendants in violation of 4th and 5th amendment protections of unlawful search and seizure and due process of law, the Plaintiff suffered multiple assaults and batteries upon his person, physical pain, emotional distress, psychological damages and mental anguish.

## COUNT 5   ABUSE OF PROCESS

28. Plaintiff re-alleges paragraphs 1 through 10.

29. Due to the Defendants misuse of and perversion of the Arrest Warrant process provided for by the 5th amendment warrant and probable cause clause, and 4th amendment (defective) warrant clause and provisions, the Plaintiff suffered a series of injuries including arrest, handcuffing, imprisonment, physically searched, forced fingerprinting and booking procedures, property damage, property theft, mental anguish, psychological damage, emotional distress, damaged reputation, loss of wages, public humiliation and harassment.

30. Due to Defendant John Long Scott's misuse of the bond issuance process and constitutionality of payments subscribed by the supreme law of the land 8th amendment and Article 1 Section 10 of the U.S. Constitution, the Plaintiff suffered a series of injuries including mental anguish, emotional distress, loss of finance, imprisonment and unlawful seizure of property.

## COUNT 6    ABUSE OF PROCESS

31. Plaintiff re-alleges paragraphs 1 through 12

32. Due to Defendants CITY OF MYRTLE BEACH MUNICIPAL COURT, Amy Sutter, Joi Y. Page, and Wilson collectively participation in intentional and willful misuse of Trial law process and Bench Warrant writ issuance in contravention of the 4th 5th and 6th amendments, as coercion to obtain a collateral advantage not properly involved in the proceeding itself, such as the surrender of property (the Plaintiff's physical body, his person, his name/intangible security asset) and the payment of money by the use of the process as a threat and club/extortion, Defendants have caused the Plaintiff multiple injuries such as loss of property, wages, emotional distress, mental anguish, public humiliation, discredit of reputation, and loss of business opportunity. Defendant Wilson acknowledged participating in multiple due process of law abuses, acknowledging multiple substantive and procedural due process violations in the presence of Joi Y. Page, Amy Sutter and other unnamed CITY OF MYRTLE BEACH agents, officials, fiduciaries during this Motion To Lift Bench Warrant video conference recorded hearing on the video platform Webex that automatically records and saves video evidence.

## COUNT 7    ABUSE OF PROCESS

33. Plaintiff re-alleges paragraphs 11a, and 12-16.

34. Due to Defendants actions, Plaintiff has suffered a series of injuries including unremedied property damage, uncompensated property theft, mental anguish, psychological damage, emotional distress, damaged reputation, loss of wages, public humiliation, and harassment.

## COUNT 8    ABUSE OF PROCESS

35. Plaintiff re-alleges paragraphs 1-17

36. Due to the misuse of summons issuance after due process of law has been so abused, Defendants malicious intent with ulterior motive to continue the issuance of summons in contravention of law and unlawful seizure has caused Plaintiff to suffer a series of injuries including property damage, emotional distress, property theft, mental anguish, psychological damage, damaged reputation, loss of wages, public humiliation, and harassment.

## 4. Relief

THEREFORE, Plaintiff demands Judgment against Defendant, as their liability appears, in the sum of Two Hundred Million Dollars ($6,000,000). together with the costs and disbursements. Wrongs alleged continuing at the present time.

Dated: March 27th, 2022ccy

_____

Bakha Yawuti El
c/o PO Box 22591
Non-Domestic Mail, Zip Code Exempt
near Charleston, South Carolina Republic
North Amexem/North America A.R.R.
chakoramoors@gmail.com

5. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge. information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to the location where I receive mail where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: March 27, 2022 ccy

Signature of Plaintiff _____

Printed Name of Plaintiff  Bakha Yawiti El